1  THOMAS DAVIS, Bar No. 202382
   Email Address: tdavis@deconsel.com
2  JODI SIEGNER, Bar No. 102884
   Email Address: jsiegner@deconsel.com
3  DeCARLO & SHANLEY,
   a Professional Corporation
4  533 S. Fremont Avenue, Ninth Floor
   Los Angeles, California  90071-1706
5  Telephone (213) 488-4100
   Telecopier (213) 488-4180
6
7  ATTORNEYS FOR PLAINTIFFS, CARPENTERS SOUTHWEST
   ADMINISTRATIVE CORPORATION and BOARD OF TRUSTEES
   FOR THE CARPENTERS SOUTHWEST TRUSTS
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation; and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS,<br><br>Plaintiffs,<br><br>v.<br><br>H K B Inc., an Arizona corporation, doing business as SOUTHWEST INDUSTRIAL RIGGING; HARRY KENT BAKER, an individual; SCOTT WILLIAM MILLER, an individual; JAMES DOUGLAS WILSON, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:16-cv-08040-MWF-SK<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO CONTINUE HEARING DATE** |

///

///

///

///

///

Plaintiffs, BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS ("BOARD") and CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION ("CSAC", collectively referred to as "Plaintiffs") hereby submit their Opposition to Defendants' Ex Parte Application to Continue Hearing Date.

## I.

## DEFENDANTS' APPLICATION IS UNWARRANTED IN THAT DEFENDANTS SEEK COURT INTERVENTION TO REMEDY AN "EMERGENCY" THAT THEY CREATED.

The court entertains ex parte applications only in extraordinary circumstances. See *McVay v. FedEx Ground*, 2003 WL 22769080, *2 (C.D. Cal. 2003); *In re Intermagnetics Am., Inc.*, 101 B.R. 191 (C.D. Cal. 1989).

In the present case, Defendants seek the Court's intervention to remedy an "emergency" entirely of their own doing:  Defendants set the hearing date for their Motion to Dismiss for January 9, 2017.  Presumably, they were aware of the reply deadline set forth in  L.R. 7-10 and the Court's calendar.  The Court's calendar is prominently set forth on the Court's internet site; hence, litigants can hardly complain that such information is unavailable or hidden.  Despite this,  Defendants set their hearing date for a date that left limited time to prepare a reply.

Plaintiffs filed their Opposition on December 19, 2016.  Defendants waited until the mid afternoon of December 20, 2016 to request a continuance of the motion hearing date of Plaintiffs.  When Plaintiffs declined the request (within two hours of receiving Defendants' request),[1] Defendants then expended their time and effort in preparing the ex parte application.  Hence, by devoting their time to matters other than preparing a reply, Defendants further exacerbated the circumstances that they created.

---

[1] See Torres Decl'n, Ex. 1, p. 1.

1

> [T]o justify ex parte relief ... it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.
>
> ...
>
> To show that the moving party is without fault, or guilty only of excusable neglect, requires more than a showing that the other party is the sole wrongdoer. It is the creation of the crisis--the necessity for bypassing regular motion procedures--that requires explanation. For example, merely showing that trial is fast approaching and that the opposing party still has not answered crucial interrogatories is insufficient to justify ex parte relief. The moving party must also show that it used the entire discovery period efficiently and could not have, with due diligence, sought to obtain the discovery earlier in the discovery period.

*Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492-93 (C.D. Cal. 1995). See also *Arellano v. Kellermeyer Bldg. Serv., LLC*, 2014 U.S. Dist. LEXIS 102053, *5 (S.D. Cal. 2014) (for an ex parte motion to be granted, "it must be established that the moving party is without fault in creating the crisis or that the crisis occurred as a result of excusable neglect."); *Brantley v. Borg-Warner Morse Tec, Inc.*, 2013 U.S. Dist. LEXIS 132275, *14 (S.D. Cal. Sept. 13, 2013) (denying *ex parte* application to continue discovery where "counsel sat on their hands, did little to litigate the case as the months passed by, served discovery only days before the discovery cut off, did nothing to resolve their disputes in a professional, competent manner, and then dumped everything in the Court's lap at the last minute.").

In the present application, Defendants both created and then exacerbated the crisis, and have now "dumped everything in the Court's lap at the last minute". *Id.* Hence, their application should be denied.

## II.

## DEFENDANTS HAVE NOT SHOWN IRREPARABLE PREJUDICE.

> [T]o justify ex parte relief ... the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. ...
>
> To show irreparable prejudice, it will usually be necessary to refer to the merits of the accompanying proposed motion, because if it is meritless, failure to hear it cannot be prejudicial. A sliding scale is used to measure the threat of prejudice. If the threatened prejudice would not be severe, then it must be apparent that the underlying motion has a high likelihood of success on the merits. If drastic harm is threatened, then it is sufficient to show that there are close issues that justify the court's review before the party suffers the harm.

*Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. at 492.

In the present case, the "threatened prejudice" is minimal or non existent: If the Court denies the requested relief, Defendants will have to file a reply in less than the full seven days that would typically be available pursuant to L.R. 7-10. Reply papers are not even compulsory pursuant to L.R. 7-10. While Defendants complain that the Plaintiff's Opposition "raises several new factual and legal arguments" (Application, p. 2, line 7), a fair reading of the Opposition shows that Plaintiffs merely rebutted the arguments that the Defendants made in their Motion; the only arguably new issues were Plaintiffs' requests for jurisdictional discovery and leave to amend (both in the event that the court is inclined to grant the motion to dismiss). Having prepared the Motion, it would seem that the Defendants are likely familiar with the vast majority of the topics addressed in the Opposition. Hence, while Defendants might face a minor challenge in completing their reply in less than the full seven day period that is typically available, they have not been irreparably prejudiced.

///

## III.

## DEFENDANTS ATTEMPT TO MISCHARACTERIZE PLAINTIFFS' COUNSEL'S COMMUNICATIONS.

In an apparent attempt to turn the focus away from Defendants' own actions that caused Defendants to face the complained of time limitations, Defendants point to email communications between the parties' counsel.

The email communications commence with Plaintiffs' counsel's email to Defendants' counsel, in which Plaintiffs' counsel requested an additional month to file a responsive pleading in *HKB, Inc. v. Board of Trustees for the Southwest Carpenter's Southwest Trust, et al*, No. 2:16-cv-03799-DJH (D. AZ. 2016). See Torres Decl'n, Ex. 1, p. 5. Plaintiffs' counsel made the request with the goal of saving both parties the costs of litigation in two forums simultaneously. *Id.* Defendants' counsel declined this request, thereby forcing the parties to waste time and resources in litigating in two forums. *Id.*, pp. 4-5. Within minutes of receiving Defendants' counsel's email, Plaintiffs' counsel responded, inter alia, requesting reconsideration. *Id.*, pp. 3-4. Though Plaintiffs' counsel made this reply on November 10, 2016, Defendants' counsel's only "response" came on December 1, 2016. *Id.*, p. 3. In this email, Defendants' counsel still did not respond to the November 10, 2016 email, but merely sought an extension of time to file a responsive pleading in the present case. *Id.*

In Defendants' counsel's email of December 20, 2016, Defendants' counsel complained of the shortened time for filing a reply and requested that Plaintiffs' counsel stipulate to a continuance. *Id,* p. 1. In response, Plaintiffs' counsel advised that the shortened time to file a reply is the result of Defendants' counsel's choice of hearing date. *Id.* The response further noted that this choice required Plaintiffs' counsel to file an opposition in the midst of the holiday season and set up the reply due date. *Id.* The reply further noted that when Plaintiffs sought an extension in order to avoid litigation in two jurisdictions, this request was refused. *Id.*

4

Though Defendants appear to rely on this email exchange as being of significance, as set forth above, the above citations show that the exchange has no bearing upon the legal issues surrounding Defendants' Application. Though the exchange is of no relevance to the matters involved in the Application, it is richly ironic that Defendants' counsel, while quick to refuse a request designed to save the parties the expense of litigation in multiple jurisdictions, is still expectant of extensions. To compound the irony, when Defendants' counsel did not receive the apparently expected extension, Defendants' counsel seeks to recast the exchange to divert the Court's attention from Defendants' counsel's creation of their own predicament.

## IV.
## CONCLUSION

For the above reasons, the Court should deny Defendants' Application to Continue Hearing Date.

DATED: December 21, 2016     DeCARLO & SHANLEY
                             A Professional Corporation

                             /s/ Thomas Davis
                             Thomas Davis
                             Attorneys for Plaintiffs CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS

## PROOF OF SERVICE
### (Carpenters v. H K B Inc., etc.,)
### (USDC Case No. CV 16-08040 MWF(SKx))

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action. My business address is: DeCARLO & SHANLEY, a Professional Corporation, 533 S. Fremont Avenue, Ninth Floor, Los Angeles, California 90071-1706.

On December 21, 2016, I electronically filed the following document: **PLAINTIFFS' OPPOSITION TO DEFENDANTS' EX PARTE APPLICATION TO CONTINUE HEARING DATE.** Notice of this filing was sent to the interested parties below and to all registered parties in the action by operation of the Court's electronic filing system. Parties can access this filing through the Court's system.

on Attorneys for Defendants as follows:

James E Holland , Jr - james.holland@stinson.com

Javier Torres - javier.torres@stinson.com,cynthia.fischer@stinson.com,celia.guerrero@stinson.com

**Executed on December 21, 2016, at Los Angeles, California.**

(FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*/s/ Lucy J. Moure-Pasco*
Lucy J. Moure-Pasco