# EXHIBIT A

624 F.3d 1253
United States Court of Appeals,
Ninth Circuit.

Amir Cyrus AHANCHIAN, an
individual, Plaintiff–Appellant,

v.

XENON PICTURES, INC., a Delaware
corporation; CKrush, Inc., a Delaware corporation;
Sam Maccarone, an individual; Preston
Lacy, an individual, Defendants–Appellees.
Amir Cyrus Ahanchian, an
individual, Plaintiff–Appellant,

v.

Xenon Pictures, Inc., a California corporation;
CKrush Inc., a Delaware corporation; Sam
Maccarone, an individual; Preston Lacy,
an individual, Defendants–Appellees.

Nos. 08–56667, 08–56906.
|
Argued and Submitted Feb. 2, 2010.
|
Filed Nov. 3, 2010.

**Synopsis**
**Background:** Writer brought copyright infringement action against movie's distributor, production company, director, and screenwriter, alleging defendants used in the movie several skits he authored without his permission. The United States District Court for the Central District of California, John F. Walter, J., denied writer's motion for extension of time to file opposition to defendants' summary judgment motion and motion to accept late-filed opposition, and subsequently granted defendants' motions for summary judgment and attorneys' fees. Writer appealed.

**Holdings:** The Court of Appeals, Wardlaw, Circuit Judge, held that:

[1] writer demonstrated good cause for filing late opposition to defendants' summary judgment motion, and thus grant of extension of time to file opposition was warranted, and

[2] writer's delay in filing opposition to defendants' summary judgment motion was result of excusable neglect, and thus grant of motion to allow late-filed opposition was warranted.

Reversed and remanded.

**Attorneys and Law Firms**

*1254 Jeffery J. Daar, Daar & Newman, PC, Los Angeles, CA, for the plaintiff-appellant, Amir Cyrus Ahanchian.

Leonard S. Machtinger, Kenoff & Machtinger, LLP, Los Angeles, CA; Richard L. Charnley, Terry Anastassiou and Ernest E. Price, Ropers, Majeski, Kohn, & Bentley, Los Angeles, CA, for the defendants-appellees.

Appeal from the United States District Court for the Central District of California, John F. Walter, District Judge, Presiding. D.C. No. 2:07–cv–06295–JFW–E.

Before: ANDREW J. KLEINFELD, KIM McLANE WARDLAW and CONSUELO M. CALLAHAN, Circuit Judges.

**OPINION**

WARDLAW, Circuit Judge:

Procedure "is a means to an end, not an end in itself—the 'handmaid rather than *1255 the mistress' of justice." Charles E. Clark, *History, Systems and Functions of Pleading,* 11 Va. L.Rev. 517, 542 (1925). While district courts enjoy a wide latitude of discretion in case management, this discretion is circumscribed by the courts' overriding obligation to construe and administer the procedural rules so as "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. These consolidated appeals arise from a district court's refusal to exercise discretion consistent with the dictates of Rule 1.

Amir Cyrus Ahanchian's counsel moved for a one-week extension of time to file his opposition to defendants' summary judgment motion, citing as good cause: (1) the extremely short eight day response deadline (with three of those days falling over a federal holiday weekend)

Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253 (2010)
2010 Copr.L.Dec. P 29,994, 77 Fed.R.Serv.3d 1253, 10 Cal. Daily Op. Serv. 13,936

Case 2:17-cv-00198-DJH   Document 22-1   Filed 12/22/16   Page 3 of 9

created by the combination of an unusual local rule and defendants' litigation tactics; (2) his preplanned absence, beginning the day defendants filed the motions, in fulfillment of an out-of-state commitment; and (3) the large number of supporting exhibits attached to defendants' motion. Defense counsel, without regard to the previous professional courtesies extended to him by Ahanchian's counsel, vigorously opposed the extension. Despite the presence of what most reasonable jurists would regard as good cause and the absence of prejudice to anyone, the district court denied the motion. Even so, Ahanchian's counsel managed to file the opposition, albeit three days late, due to a calendaring mistake and computer problems, along with a motion asking that the district court accept the late-filed opposition. Five days later, the district court construed that motion as one for reconsideration under Rule 60(b), and, applying an incorrect legal standard, denied it. That same day, having plaintiff's opposition in hand, but refusing to consider it, the district court granted defendants' motion for summary judgment, failing to provide any legal reasoning or citation to law or facts.[1] To add injury to insult, the district court awarded defense counsel $247,171.32 in attorneys' fees. We conclude that the district court abused its discretion in denying both the request for an extension of time and the motion to accept the late-filed opposition, and erred in granting defendants' motion for summary judgment and in awarding attorneys' fees to defense counsel.

## I. FACTUAL AND PROCEDURAL BACKGROUND

These appeals arise from the creation of the movie National Lampoon's TV: *The Movie,* theatrically released in November 2006. Unlike traditional films, this movie eschews plot or character development, instead lampooning several high profile television programs in a series of independent comedic skits. This lawsuit involves the disputed authorship of a number of these skits. Ahanchian claims that ten skits he authored (and subsequently copyrighted) either appear verbatim in the movie or serve as the basis for skits included in the final version of the movie.

 ***1256** Ahanchian filed a complaint on September 17, 2007 against Sam Maccarone (director and writer of the film), Preston Lacy (writer and actor), Xenon Pictures, Inc. (distributor), and CKrush, Inc. (producer) asserting causes of action for copyright infringement, breach of an implied contract, and unfair competition in violation of the Lanham Act. Apparently, Maccarone and Lacy were difficult to locate. Defense counsel for Xenon Pictures, who had been appointed by the district court to represent Maccarone and Lacy, sought additional time to answer Ahanchian's complaint on their behalf. Exhibiting the professional courtesy expected of officers of the court, Ahanchian's counsel stipulated to an extension of time—which stipulation the district court then rejected.

On January 7, 2008, the district court issued its scheduling order establishing, among other deadlines: November 18, 2008, as the date for the commencement of trial; September 2, 2008, as the discovery cut-off date; and September 15, 2008, as the last day for hearing motions. Maccarone and Lacy did not file their answer to the complaint until June 30, 2008. Because of Maccarone and Lacy's late entrance into the litigation, the parties entered into a joint stipulation on July 9, 2008, seeking to extend by twelve weeks all the deadlines established by the scheduling order to allow more time for discovery. The district court again denied the stipulated extension of time, finding that the parties had failed to demonstrate good cause as to why discovery could not be completed by September 2, 2008.

Because the district court's scheduling order set September 15, 2008, as the last day for hearing motions, the local rules in force at the time made August 25, 2008, the last date to file any motion for summary judgment. *See* C.D. Cal. Local R. 6–1 (2008) (requiring that any motion be filed within twenty-one days before the hearing date). Though there is no indication in the record that they did so, the defendants assert that they informed Ahanchian's counsel on August 6, 2008, that they would be filing a motion for summary judgment. On August 25, 2008, the last possible day for filing, the defendants moved for summary judgment seeking dismissal of all of Ahanchian's claims and for terminating sanctions resulting from a discovery dispute. These motions were accompanied by roughly 1,000 pages of supporting exhibits and declarations. Because the defendants chose to wait until the last day to file their motions, the local rules operated to set a deadline of September 2, 2008—the day after Labor Day—for Ahanchian to review these materials and to prepare and file his oppositions. Ahanchian, therefore, was left with a mere eight days, three over the Labor

Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253 (2010)
2010 Copr.L.Dec. P 29,994, 77 Fed.R.Serv.3d 1253, 10 Cal. Daily Op. Serv. 13,936

Case 2:17-cv-00198-DJH   Document 22-1   Filed 12/22/16   Page 4 of 9

Day weekend, to draft his oppositions to the motions. *See* C.D. Cal. Local R. 7–9 (2008) (requiring any opposition to be filed no later than fourteen days before the hearing date); Fed.R.Civ.P. 6(a)(1)(C) (extending deadlines by an additional day where a deadline would otherwise fall on a holiday). Also, Ahanchian's lead counsel was scheduled to travel out of state on August 25 to fulfil a previously-scheduled commitment. [2]

Given the already unreasonably strained deadlines, within which fell an out-of-state commitment and Labor Day weekend, on August 28, 2008, Ahanchian asked defense counsel to stipulate to a one-week continuance of the hearing date for defendants' motions, along with corresponding one-week extensions of the deadlines for Ahanchian to file oppositions and for defendants **\*1257** to reply. Defense counsel refused to so stipulate. The very next day, on August 29, 2008, Ahanchian filed an ex parte application pursuant to Local Rule 7–19 seeking a one-week extension. Ahanchian recited as good cause for the requested extension of time that: (1) defendants had waited until the last day to file their motions, choosing to file four days before the Labor Day weekend, and with knowledge of pending depositions; (2) the accompanying motions and exhibits amounted to 1,000 pages of materials; (3) Ahanchian's lead counsel had left the state on August 25 on a prescheduled trip and would not be returning until September 2; and (4) Ahanchian, who was needed to respond to the motion, was also out of town over Labor Day weekend. Ahanchian noted that "[n]o party will suffer any prejudice" should the court grant the continuance.

Defendants opposed the motion, arguing that Ahanchian had failed to demonstrate "good cause." Specifically, they argued that Ahanchian's counsel "knew (or should have known) that the motions would be filed *no later than August 25*—and yet, for reasons unexplained, this is precisely the date plaintiff's counsel decided to travel 'out of state.' Why? No reason is offered." In a footnote, the defendants posed some hypothetical possibilities: "A family emergency? A conflicting work-related priority? Or a vacation to Mexico? The point is, it is not explained. Absence [*sic* ] explanation, good cause cannot be discerned." As for prejudice, defendants made the weak and false arguments that the requested continuance would give Ahanchian "several weeks to prepare an Opposition," and yet defendants would have only one week to file their reply. They also asserted that they would have "less time to prepare for trial." In point of fact, Ahanchian had requested extensions of time to file both his opposition and for the defendants' replies. Had Ahanchian's request been granted, defendants would have had the full time allowed by the local rules to reply. Moreover, the trial was not scheduled to commence for another three months.

Ahanchian ultimately filed his opposition to the summary judgment motion three days late, on September 5, 2008, [3] at which time he also filed an ex parte application seeking permission to make the late filing. [4] On September 8, 2008, defendants responded by reiterating their opposition to any extension of time, and urging the district court to "ignore" the late opposition. They further suggested that Ahanchian's counsel's representation that he believed the deadline was September 4 was disingenuous, and that Ahanchian had failed to adequately explain the technical computer problems that had resulted in the one-day delay.

On September 10, 2008, in a three-paragraph order, the district court granted defendants' summary judgment motion in full. It simultaneously denied Ahanchian's ex parte motion, concluding, without citing any record support, that Ahanchian, "apparently **\*1258** not pleased with the court's ruling," had simply failed to file timely oppositions. The court construed Ahanchian's September 5, 2008, ex parte application as a Federal Rule of Civil Procedure 60(b) motion for reconsideration of its denial of Ahanchian's August 29, 2008, request for a one-week extension. The court then denied the motion, citing three authorities: (1) a Fifth Circuit decision concluding that the "inadvertent mistake" of counsel was not a sufficient ground to excuse missing a filing deadline; (2) a Sixth Circuit decision rejecting "calendaring errors" as justification for reconsideration; and (3), finally, an inapposite Ninth Circuit decision that suggests a party should sue its lawyer for malpractice rather than bring a Rule 60(b)(1) motion when it comes to regret an action based on erroneous legal advice.

Meanwhile, in its summary judgment order, the court correctly observed that Ninth Circuit precedent bars district courts from granting summary judgment simply because a party fails to file an opposition or violates a local rule, and also correctly cited its obligation to analyze the record to determine whether any disputed material fact was present. It then effectively flouted both legal principles, [5] stating that it had reviewed only the defense

Ahanchian v. Xenon Pictures, Inc., 524 F.3d 1253 (2010)
2010 Copr.L.Dec. P 29,994, 77 Fed.R.Serv.3d 1253, 10 Cal. Daily Op. Serv. 13,936

Case 2:17-cv-00198-DJH Document 22-1 Filed 12/22/16 Page 5 of 9

evidence, even though it knew the opposition papers were already filed, having ruled upon the accompanying motion for a late filing. Unsurprisingly, based on only defendants' version of the facts, the court concluded that defendants were not liable on any claim and granted judgment in their favor.

Ahanchian timely appeals the district court's procedural rulings, the grant of summary judgment, and the award of attorneys' fees.

## II. STANDARD OF REVIEW

[1] [2] The district court's denial of an extension of time pursuant to Federal Rule of Civil Procedure 6(b) is reviewed for abuse of discretion, *see Kyle v. Campbell Soup Co.,* 28 F.3d 928, 930 (9th Cir.1994), as is a court's denial of a Rule 60(b) motion, *see United States v. Asarco Inc.,* 430 F.3d 972, 978 (9th Cir.2005). Accordingly, we reverse where the district court applied the incorrect legal rule or where the district court's application of the law to the facts was: (1) illogical; (2) implausible; or (3) without support in inferences that may be drawn from the record. *United States v. Hinkson,* 585 F.3d 1247, 1262 (9th Cir.2009) (en banc).

## III. DISCUSSION

Ahanchian argues that the district court abused its discretion first in denying his request for a one-week extension of time to file his opposition to defendants' summary judgment motion and then in denying his application to file that opposition late. We agree.

### A.

[3] [4] Federal Rule of Civil Procedure 6(b)(1) provides:

(1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:

(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed.R.Civ.P. 6(b)(1). This rule, like all the Federal Rules of Civil Procedure, "[is] to **\*1259** be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt,* 722 F.2d 456, 459 (9th Cir.1983) (quoting *Staren v. American Nat'l Bank & Trust Co. of Chicago,* 529 F.2d 1257, 1263 (7th Cir.1976)); *see also* Fed.R.Civ.P. 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). Consequently, requests for extensions of time made before the applicable deadline has passed should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004).

[5] The circumstances of Ahanchian's predicament clearly demonstrate the "good cause" required by Rule 6(b)(1). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *See, e.g., Venegas–Hernandez v. Sonolux Records,* 370 F.3d 183, 187 (1st Cir.2004); *Thomas v. Brennan,* 961 F.2d 612, 619 (7th Cir.1992); *Lolatchy v. Arthur Murray, Inc.,* 816 F.2d 951, 954 (4th Cir.1987). To begin with, Ahanchian faced an exceptionally constrained deadline resulting from the peculiar dictates of the local rules for the Central District of California.[6] Compounding the problem, this deadline followed immediately upon Labor Day weekend—during which even the federal courts are closed. By taking advantage of the unusual local rules, defendants cut Ahanchian's time to respond to two dispositive motions to five business days and three days over the holiday weekend. *See* Fed.R.Civ.P. 6(a)(1)(C). As was certainly neither unreasonable nor unexpected, both Ahanchian and his attorney were out of town over Labor Day weekend, and, moreover, as he informed the district court, Ahanchian's lead counsel was out-of-state in fulfillment of a previously-scheduled commitment from the day defendants chose to file their motions through the day the responses were due.[7]

**\*1260** Critically, the record is devoid of any indication either that Ahanchian's counsel acted in bad faith or

Ahanchian v. Xenon Pictures, Inc., 524 F.3d 1253 (2010)
2010 Copr.L.Dec. P 29,994, 77 Fed.R.Serv.3d 1253, 10 Cal. Daily Op. Serv. 13,936

Case 2:17-cv-00198-DJH Document 22-1 Filed 12/22/16 Page 6 of 9

that an extension of time would prejudice defendants. To the contrary, the record reflects that Ahanchian's counsel acted conscientiously throughout the litigation, promptly seeking extensions of time when necessary and stipulating to defendants' earlier request for an extension of time to file their answer and to the twelve-week extension due to two defendants' late appearances. Moreover, defendants' argument that they would be prejudiced by only having a week to reply while Ahanchian would have had several weeks to draft an opposition is unpersuasive and neglects the fact that in the overwhelming majority of districts, more time is given for drafting oppositions than for drafting replies. *See, e.g.,* N.D. Cal. Local R. 7–3(a), (c); S.D. Cal. Local R. 7.1(e)(1), (2). Had the district court had any doubts about the veracity or good faith of Ahanchian's counsel, or been worried about prospective prejudice, it could have held an evidentiary hearing or sought more information; instead, without support in the record, it summarily denied Ahanchian's request.

The record shows that Ahanchian's requested relief was reasonable, justified, and would not result in prejudice to any party. The district court nevertheless denied Ahanchian's motion, thus effectively dooming Ahanchian's case on the impermissible ground that he had violated a local rule. Because Ahanchian clearly demonstrated the "good cause" required by Rule 6, and because there was no reason to believe that Ahanchian was acting in bad faith or was misrepresenting his reasons for asking for the extension, the district court abused its discretion in denying Ahanchian's timely motion.

B.

**[6]** **[7]** We next turn to the district court's denial of Ahanchian's September 5, 2008, ex parte application to allow his late-filed opposition, which the court construed as a Rule 60(b) motion for reconsideration of its denial of Ahanchian's Rule 6 motion for an extension. Rule 60(b) provides that a court "may relieve a party or its legal representative from a final judgment, order, or proceeding" on the basis of "mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b). The court denied Ahanchian's application after concluding that Ahanchian had not demonstrated "excusable neglect." In so doing, however, the district court failed to cite the correct legal standard, applying an incorrect legal standard for deciding Rule 60(b) motions.[8]

**\*1261** **[8]** To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir.1997) (adopting this test for consideration of Rule 60(b) motions). Through other decisions, including *Bateman v. U.S. Postal Serv.,* 231 F.3d 1220 (9th Cir.2000), and *Pincay v. Andrews,* 389 F.3d 853 (9th Cir.2004) (en banc), we have further clarified how courts should apply this test.

In *Bateman,* we concluded that when considering a Rule 60(b) motion a district court abuses its discretion by failing to engage in the four-factor *Pioneer/Briones* equitable balancing test. *Bateman,* 231 F.3d at 1223–24. Bateman's counsel had left the country before filing an opposition to the Postal Service's summary judgment motion, allowed the deadline to pass while abroad, failed to file any motions for extensions of time, and failed to contact the district court for sixteen days after he returned because of "jet lag and the time it took to sort through the mail." *Id.* at 1223. Because the district court had already awarded summary judgment to the Postal Service, Bateman moved to set aside the judgment pursuant to Rule 60(b). *Id.* The district court, without mentioning the *Pioneer/Briones* test, denied the motion after considering only facts relating to the reason for Bateman's delay—the third *Pioneer/Briones* factor. *Id.* at 1224. We concluded that the district court had failed to engage in the equitable analysis mandated by *Pioneer* and *Briones,* and, by ignoring three of the four *Pioneer/Briones* factors, had abused its discretion in denying Bateman's Rule 60(b) motion. *Id.; see also Lemoge v. United States,* 587 F.3d 1188, 1192 (9th Cir.2009) ("We conclude that the district court did not identify the *Pioneer–Briones* standard or correctly conduct the *Pioneer–Briones* analysis and that this was an abuse of discretion.").

In *Pincay,* we held that courts engaged in balancing the *Pioneer/Briones* factors may not apply per se rules. *Pincay,* 389 F.3d at 855 ("We now hold that per se

Ahanchian v. Xenon Pictures, Inc., 524 F.3d 1253 (2010)
2010 Copr.L.Dec. P 29,994, 77 Fed.R.Serv.3d 1253, 10 Cal. Daily Op. Serv. 13,936

Case 2:17-cv-00198-DJH   Document 22-1   Filed 12/22/16   Page 7 of 9

rules are not consistent with *Pioneer*."). Defendants, who had filed their notice of appeal twenty-four days late, asserted that their tardy filing resulted from a calendaring mistake caused by attorneys and paralegals misapplying a clear legal rule. See *id.* Applying the same four-factor balancing test as required under Federal Rule of Civil Procedure 60(b), the district court found that defendants' neglect was excusable under Federal Rule of Appellate Procedure 4(a)(5). *See id.* Sitting en banc, we rejected the plaintiffs' contention that the district court had abused its discretion in ruling for defendants. We concluded that, while the calendaring mistake was not a "compelling excuse," because of the "nature of the contextual analysis and the balancing of the factors adopted in *Pioneer*," courts applying the *Pioneer*/*Briones* test cannot create or apply any "rigid legal rule against late filings attributable to any particular type of negligence." *Id.* at 860.

The district court's failure to apply Ninth Circuit precedent, particularly the rules set forth in *Bateman* and *Pincay,* to Ahanchian's Rule 60(b) motion was error. Just like the district court in *Bateman,* the district court here neither cited nor applied the *Pioneer*/*Briones* test, but instead based its decision solely on whether the reason for the delay—the third *Pioneer*/*Briones* factor—could establish excusable neglect. By ignoring the other three factors, the district court abused its **\*1262** discretion. *See Bateman,* 231 F.3d at 1224. The district court then compounded its legal error by concluding that "a calendaring mistake is the type of 'inadvertent mistake' that is not entitled to relief pursuant to Rule 60(b)(1)," impermissibly adopting a per se rule in applying the *Pioneer*/*Briones* balancing test. *See Pincay,* 389 F.3d at 859–60.

[9] The district court's errors are particularly troublesome because our application of the correct equitable analysis convinces us that Ahanchian's delay was the result of excusable neglect. *See Bateman,* 231 F.3d at 1224 & n. 3. We start by recognizing that "Rule 60(b) is 'remedial in nature and ... must be liberally applied.' " *TCI Group Life Ins. v. Knoebber,* 244 F.3d 691, 696 (9th Cir.2001) (quoting *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir.1984)). With this standard in mind, we conclude that all four *Pioneer*/ *Briones* factors favor Ahanchian. First, the defendants would not have been prejudiced by a week's delay in the filing of the opposition and a concomitant week extension to file a reply. At most, they would have won a quick but unmerited victory, the loss of which we do not consider prejudicial. *Cf. Bateman,* 231 F.3d at 1225 (finding insufficient prejudice where defendants "would have lost a quick victory and, should it ultimately have lost the summary judgment motion ... would have to reschedule the trial date"). Second, the length of the delay was a mere three days; filing the opposition then would not have adversely affected either the summary judgment hearing date, which was ten days away, or the trial, which was two and a half months away. *Compare id.* (finding a delay of over a month "not long enough to justify denying relief"). Third, while a calendaring mistake caused by the failure to apply a clear local rule may be a weak justification for an attorney's delay, we have previously found the identical mistake to be excusable neglect. *See, e.g., Pincay,* 389 F.3d at 860. In fact, in *Bateman,* the attorney's reasons for his nearly month-long delay, the need to recover from jet lag and to review mail, were far less persuasive. Yet, we concluded that excusable neglect was established. *Bateman,* 231 F.3d at 1225. Fourth, there is no indication that Ahanchian's failure to file the opposition on time was the result of bad faith. Ahanchian's counsel displayed his (mistaken) belief that the oppositions were due on September 4, 2008, in his initial request for an extension of time. Thus, his reliance on the calendaring mistake was not a bad-faith, post-hoc rationalization concocted to secure additional time. Ahanchian's counsel had no history of missing deadlines or disobeying the district court's orders; in fact, he demonstrated a sensitivity to the court's orders and deadlines by promptly seeking extensions of time where necessary. We have found good faith in situations where attorneys acted far less diligently and conscientiously. *See id.* ("[Counsel] showed a lack of regard for his client's interests and the court's docket. But there is no evidence that he acted with anything less than good faith.").

By failing to apply the *Pioneer*/*Briones* equitable balancing test and instead adopting an impermissible *per se* rule, the district court abused its discretion. *See Lemoge,* 587 F.3d at 1193 (citing *Hinkson,* 585 F.3d at 1261). Applying the correct legal standard, we conclude that Ahanchian's counsel sufficiently established that his failure to timely file the opposition to summary judgment was the result of excusable neglect, and that the motion to allow the late opposition should have been granted.

C.

Perhaps contributing to the district court's errors and certainly compounding the harshness of its rulings, defense counsel **\*1263** disavowed any nod to professional courtesy, instead engaging in hardball tactics designed to avoid resolution of the merits of this case. We feel compelled to address defense counsel's unrelenting opposition to Ahanchian's counsel's reasonable requests. Our adversarial system depends on the principle that all sides to a dispute must be given the opportunity to fully advocate their views of the issues presented in a case. See *Indep. Towers of Wash. v. Washington,* 350 F.3d 925, 929 (9th Cir.2003); *Iva Ikuko Toguri D'Aquino v. United States,* 192 F.2d 338, 367 (9th Cir.1951). Here, defense counsel took knowing advantage of the constrained time to respond created by the local rules, the three-day federal holiday, and Ahanchian's lead counsel's prescheduled out-of-state obligation. Defense counsel steadfastly refused to stipulate to an extension of time, and when Ahanchian's counsel sought relief from the court, defense counsel filed fierce oppositions, even accusing Ahanchian's counsel of unethical conduct. Such uncompromising behavior is not only inconsistent with general principles of professional conduct, but also undermines the truth-seeking function of our adversarial system. See Cal. Attorney Guidelines of Civility & Professionalism § 1 ("The dignity, decorum and courtesy that have traditionally characterized the courts and legal profession of civilized nations are not empty formalities. They are essential to an atmosphere that promotes justice and to an attorney's responsibility for the fair and impartial administration of justice."); see also *Marcangelo v. Boardwalk Regency,* 47 F.3d 88, 90 (3d Cir.1995) ("We do not approve of the 'hardball' tactics unfortunately used by some law firms today. The extension of normal courtesies and exercise of civility expedite litigation and are of substantial benefit to the administration of justice.").

Our adversarial system relies on attorneys to treat each other with a high degree of civility and respect. See *Bateman,* 231 F.3d at 1223 n. 2 ("[A]t the risk of sounding naive or nostalgic, we lament the decline of collegiality and fair-dealing in the legal profession today, and believe courts should do what they can to emphasize these values."); *Peterson v. BMI Refractories,* 124 F.3d 1386, 1396 (11th Cir.1997) ("There is no better guide to professional courtesy than the golden rule: you should treat opposing counsel the way you yourself would like to be treated."). Where, as here, there is no indication of bad faith, prejudice, or undue delay, attorneys should not oppose reasonable requests for extensions of time brought by their adversaries. See Cal. Attorney Guidelines of Civility & Prof. § 6.

## CONCLUSION

The district court abused its discretion in denying Ahanchian's request for a one-week extension to file his opposition and erred in denying Ahanchian's motion to allow a three-day late-filed opposition it construed as a Rule 60(b) motion.[9] Accordingly, we **REVERSE** the district court's grant of summary judgment, vacate the district court's award of attorneys' fees, and **REMAND** this case for further proceedings.

**All Citations**

624 F.3d 1253, 2010 Copr.L.Dec. P 29,994, 77 Fed.R.Serv.3d 1253, 10 Cal. Daily Op. Serv. 13,936

Footnotes

1   Ahanchian does not argue that we should reverse the district court for its failure to provide any reasoning in its order granting summary judgment. However, we have held this alone is reversible error, because it precludes us from conducting a meaningful review of the district court's order. See *Gov't Employees Ins. Co. v. Dizol,* 133 F.3d 1220, 1225 (9th Cir.1998) (en banc) (noting that remand is appropriate where the district court fails to "make a sufficient record of its reasoning to enable appellate review"). Nonetheless, we have reviewed the district court record in its entirety and reverse in part and affirm in part the award of summary judgment in the memorandum disposition filed concurrently with this opinion. We also vacate the award of attorneys' fees.
2   On appeal, Ahanchian's counsel revealed that his trip was required because he was serving as a duly-elected California state delegate to a major political party's national convention. See Cal. Elec.Code § 6201.
3   Ahanchian's opposition to the Motion for Terminating Sanctions was filed two days earlier, on September 3.

| | |
|---|---|
| 4 | In this application, Ahanchian's counsel explained that his office had made a calendaring error, and thus he erroneously believed that the oppositions were not due until September 4, 2008. The truth of this statement is supported by counsel's earlier application seeking an extension of the deadlines, which represented that "Plaintiff's opposition papers are currently due on September 4, 2008." Neither defense counsel nor the court chose to alert counsel that he had misstated the deadline, adding two days. Counsel also explained he attempted to meet that erroneously-calculated deadline but "due to technical computer circumstances beyond control," he could not file until September 5. |
| 5 | For example, even without considering the late-filed opposition papers, the record then before the district court included the certificates of copyright registration, which are prima facie evidence of ownership and which should have precluded an award of summary judgment on Ahanchian's copyright claims. |
| 6 | Like the rules in several districts in this circuit, the Central District Local Rules establish deadlines for filing motions and oppositions by counting backwards from an established hearing date. In 2008, Central District of California Local Rule 6–1 provided that any motion had to be filed "not later than twenty-one (21) days before the date set for hearing." C.D. Cal. Local R. 6–1 (2008). Similarly, Central District Local Rule 7–9 governed the filing of oppositions and provided that any opposition had to be filed "not later than fourteen (14) days before the date designated for the hearing of the motion." C.D. Cal. Local R. 7–9 (2008). As a result, where the movant chose to file a motion twenty-one days before the hearing—the last day allowed by local rules—the nonmovant has a mere seven days to file an opposition. This abbreviated timeline is unusual; every other district in this circuit guarantees nonmovants at least fourteen days to file an opposition to a motion. *See* D. Ariz. Local R. 56.1(d); D. Alaska Local R. 7.1(e); E.D. Cal. Local R. 78–230(b); N.D. Cal. Local R. 7–2(a), 7–3(a); S.D. Cal. Local R. 7.1(e)(1), (2); D. Guam Local R. 7.1(d); D. Hawaii Local R. 7.2(a), 7.4; D. Idaho Local R. 7.1(c); D. Mont. Local R. 7.1(d)(1)(B); D. Nevada Local R. 7.2(b); D.N. Mariana Islands Local R. 7.1(c)(2); D. Oregon Local R. 7.1(f); E.D. Wash. Local R. 7.1(c); W.D. Wash. Local R. 7(d)(3). |
| 7 | Even without the revelation that Ahanchian's lead counsel's absence was due to his position as an elected delegate to a major political party's national convention, his lack of availability due to a previously planned trip is a reasonable basis for seeking an extension of time. As Supreme Court Justice David Brewer once recognized, attorneys have an obligation as professionals to assume positions of important social responsibility. *See* David J. Brewer, *The Ideal Lawyer,* Atlantic Monthly, November 1906, at 587, 598 ("[T]he true lawyer never forgets the obligations which he as a lawyer owes to the republic, ... he always remembers that he is a citizen."). Moreover, attorneys, like everyone else, have critical personal and familial obligations that are particularly acute during holidays. It is important to the health of the legal profession that attorneys strike a balance between these competing demands on their time. *See* Patrick J. Schiltz, *On Being a Happy, Healthy, and Ethical Member of an Unhappy, Unhealthy, and Unethical Profession,* 52 Vand. L.Rev. 871, 889–90 (1999). |
| 8 | Defendants assert that Ahanchian waived this argument because he did not state in his application that he was relying on the "excusable neglect" standard or cite Rule 60(b). Defendants are correct that a party will be deemed to have waived any issue or argument not raised before the district court. *Ritchie v. United States,* 451 F.3d 1019, 1026 n. 12 (9th Cir.2006). However, this general rule "does not apply where the district court nevertheless addressed the merits of the issue" not explicitly raised by the party. *Blackmon–Malloy v. U.S. Capitol Police Bd.,* 575 F.3d 699, 707 (D.C.Cir.2009); *see also Citizens United v. F.E.C.,* 558 U.S. 310, 130 S.Ct. 876, 888, 175 L.Ed.2d 753 (2010). Here, despite Ahanchian's understandable failure to explicitly reference the excusable neglect standard in what he thought was a motion for late filing, and not a Rule 60(b) motion, the district court chose to construe his application as one brought pursuant to Rule 60 and purported to apply the excusable neglect standard. Ahanchian did not waive his argument that the district court abused its discretion in its application of Rule 60. |
| 9 | The district court also stated in a footnote that the denial was, in the alternative, based on a lack of good cause. This conclusion was also an abuse of discretion, as the above discussion demonstrates. |

---

**End of Document** © 2016 Thomson Reuters. No claim to original U.S. Government Works.