UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV-16-8040-MWF (SKx) | **Date:** January 17, 2017 |
| **Title:** Carpenters Southwest Administrative Corp., et al. v. HKB, Inc., et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:  
Rita Sanchez

Court Reporter:  
Not Reported

Attorneys Present for Plaintiff:  
None Present

Attorneys Present for Defendant:  
None Present

**Proceedings (In Chambers):** ORDER RE MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE [11]; MOTION FOR JOINDER [12]

Before the Court is Defendant HKB, Inc.'s ("HKB") Motion to Dismiss or, in the Alternative, to Transfer Venue, filed on December 5, 2016. ("Motion to Dismiss," Docket No. 11). Plaintiffs Carpenters Southwest Administrative Corporation and the Board of Trustees for the Carpenters Southwest Trust filed an Opposition to the Motion to Dismiss on December 19, 2016. (Docket No. 16). A Reply was filed on December 29, 2016. (Docket No. 26).

In addition, Defendants Harry Kent Baker, Scott William Miller, and James Douglas Wilson filed a Motion for Joinder in the Motion to Dismiss on December 7, 2016. ("Joinder Motion," Document No. 12).

The Court held a hearing on January 9, 2017.

For the reasons stated below, the Motion to Dismiss is **DENIED**, the alternative Motion to Transfer is **GRANTED**, and the Joinder Motion is **GRANTED**. While dismissal under forum non conveniens is inappropriate here, the Court concludes that this action should be transferred to Arizona under 29 U.S.C. § 1404(a). The factors considered under § 1404(a) weigh heavily in favor of transfer, due in large part to the presence of key witnesses in Arizona. In addition, whether the putative contracts (including the forum selection clause) were agreed to or ratified by Defendant HKB is inextricably intertwined with the merits of the underlying dispute.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-16-8040-MWF (SKx) | Date:  January 17, 2017 |
| Title:     Carpenters Southwest Administrative Corp., et al. v. HKB, Inc., et al. | |

Accordingly, the Court orders this action transferred to the District of Arizona.

## I.     BACKGROUND

Plaintiffs filed this action seeking ERISA benefit contributions allegedly owed under a collective bargaining agreement ("CBA").  (Complaint, Docket No. 1, ¶ 1).  Defendant HKB, Inc., doing business as Southwest Industrial Rigging, is alleged to have executed a collective bargaining agreement with the Southwest Regional Council of Carpenters ("SWRCC"), a union, in 2013.  (*Id.* ¶ 15).  The CBA and attached agreements provided that Plaintiffs would become signatories and administrators for various trust agreements and funds, which granted the union members certain benefits.  (*Id.* ¶¶ 15–20).  As relevant here, the agreements each contained forum selection clauses stating that all litigation related to the agreements would take place in Los Angeles County, California.  (Declaration of Daniel M. Shanley, Docket No. 17, Ex. 2).

For three years after the CBA was signed, Defendant HKB used the services of SWRCC-represented carpenters and filed required reports with Plaintiffs concerning hours worked by such carpenters.  (Declaration of Richard Watanabe, Docket No. 16-1, ¶¶ 5, 6).  In 2016, Plaintiffs audited HKB's contributions to the various trust funds and found the payments delinquent.  (*Id.* ¶ 4).  In response to a demand letter sent by Plaintiffs after the audit, HKB asserted that the person who had signed the CBA on behalf of HKB did not have the authority to do so, and that HKB had never known about the agreements.  (Shanley Decl., Ex. 5).  After HKB refused to make any further payments, this action followed.

After this action was filed, HKB filed suit in Arizona federal court seeking to have the CBA invalidated on state law grounds.  *See HKB, Inc. v. Board of Trustees for the Southwest Carpenter's Southwest Trust, et al.*, No. 2:16-cv-03799-DJH (D. Ariz. 2016).  This case is still pending, along with a Motion to Dismiss filed by the Board.

The individual Defendants, Baker, Miller, and Wilson, are employees of HKB.  (Joinder Motion, Ex. 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-16-8040-MWF (SKx) | Date:  January 17, 2017 |
| Title:      Carpenters Southwest Administrative Corp., et al. v. HKB, Inc., et al. | |

## II.     LEGAL STANDARD

The Motion to Dismiss seeks to have this action dismissed on the basis of the forum non conveniens doctrine, or transferred to Arizona pursuant to 29 U.S.C. § 1404(a).  The individual Defendants seek to join the Motion to Dismiss on the same grounds.  Defendants argue that the case should be dismissed or transferred because they lack contacts with California, convenience of the parties weighs in favor of transfer, and the key witnesses and evidence are in Arizona.  (Motion to Dismiss at 1).  In addition, Defendants argue that the forum selection clause is unenforceable for various reasons.

### A.     Forum Non Conveniens

Dismissal under forum non conveniens and transfer under § 1404(a) are related and turn on similar legal principles.  The Supreme Court has instructed that § 1404(a) is "merely a codification of the doctrine of forum non conveniens for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer."  *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 580 (2013).  In addition, the factors a court analyzes in determining whether to transfer under § 1404(a) are the same as those required under forum non conveniens.  *See id.* (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 37 (1988) (Scalia, J., dissenting) (Section 1404(a) "did not change the relevant factors which federal courts used to consider under the doctrine of forum non conveniens")).

Accordingly, as an initial matter, the Court will not dismiss the case under forum non conveniens.  Because the proposed alternative forum in this action is Arizona, transfer under § 1404(a), and not dismissal, is the proper remedy.  *See id.*

### B.     Transfer Under § 1404(a)

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."  28 U.S.C. § 1404(a).  However, a motion to transfer should not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV-16-8040-MWF (SKx) | **Date:** January 17, 2017 |
| **Title:** Carpenters Southwest Administrative Corp., et al. v. HKB, Inc., et al. | |

merely shift the inconvenience from the moving party to the opposing party. *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) (affirming the denial of a transfer because the transfer "would merely shift rather than eliminate the inconvenience").

"The burden is on the moving party to establish that a transfer will allow a case to proceed more conveniently and better serve the interests of justice." *Allstar Mktg. Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1131 (C.D. Cal. 2009); *See also Commodity Futures Trading Comm. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979); *STX, Inc. v. Trik Stik, Inc.*, 708 F. Supp. 1551, 1555–56 (N.D. Cal. 1988) ("In seeking to transfer a case to a different district, a defendant bears a heavy burden of proof to justify the necessity of the transfer. The plaintiff's choice of forum should not be easily overturned"). The threshold question under Section 1404(a) requires the court to determine whether the case could have been brought in the forum to which the transfer is sought." *Roling v. E*Trade Secs., LLC*, 756 F. Supp. 2d 1179, 1184 (N.D. Cal. 2010).

"If venue would be appropriate in the would-be transferee court, then the court must make an individualized, case-by-case consideration of convenience and fairness." *Roling*, 756 F. Supp. 2d at 1184. As part of this analysis, the Court may consider a number of factors, including but not limited to (1) the location where the relevant agreements were negotiated and took place; (2) the state that is most familiar with the governing law; (3) the plaintiff's choice of forum; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-16-8040-MWF (SKx) | Date:  January 17, 2017 |
| Title:       Carpenters Southwest Administrative Corp., et al. v. HKB, Inc., et al. | |

## III. DISCUSSION

### A. Motion to Transfer

#### 1. Plaintiffs' Choice of Forum

Defendants make various arguments in support of transfer to Arizona.

As an initial matter, venue would have been proper in Arizona. ERISA allows for venue where the plan is administered, where the breach took place, where a defendant resides, or where a defendant may be found. 29 U.S.C. § 1132(e)(2). Clearly several of those alternatives would include Arizona, where HKB and all its employees can be found.

Importantly, Defendants cite case law indicating that the usual weight given to a plaintiff's choice of forum is diminished in certain contexts. For instance, "the plaintiff's choice of forum is diminished if the moving party establishes one or more of the following factors: (1) the operative facts have not occurred within the forum; (2) the forum has no particular interest in the parties or subject matter; (3) the forum is not the primary residence of either the plaintiff or defendant; or (4) the subject matter of the litigation is not substantially connected to the forum. *Catch Curve, Inc. v. Venali, Inc.*, 2006 WL 4568799, at *2 (C.D. Cal. Feb. 27, 2006) (citing *Steelcase Inc. v. Haworth Inc.*, 1996 U.S. Dist. LEXIS 20674, at *5 (C.D.Cal.1996)); *see also Metz v. U.S. Life Ins. Co. in City of N.Y.*, 674 F. Supp. 2d 1141, 1146 (C.D. Cal. 2009) ("[T]here are instances in which a plaintiff's choice of forum receives less weight.") (citing *Catch Curve, Inc.*, 2006 WL 4568799, at *2); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990–91 (E.D.N.Y.1991) (giving "less significance" to the plaintiffs choice of New York as a forum where the accident occurred in Florida, most of the witnesses were [in Florida] and the only connection with New York was that the plaintiff resided in New York and received treatment there).

Defendants argue that all of the operative facts here occurred in Arizona. (Motion to Dismiss at 13). HKB is an Arizona entity and each of the individual Defendants resides and works in Arizona. (Declaration of James Douglas Wilson,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-8040-MWF (SKx)                            Date:  January 17, 2017
Title:      Carpenters Southwest Administrative Corp., et al. v. HKB, Inc., et al.

Joinder Motion, Ex. 1).  The CBA was signed in Arizona by Tom Allen, a salesman working for HKB in Arizona.  (*Id.*).  In addition, all work performed by union carpenters for HKB took place in Arizona.  (*Id.*).  Plaintiffs do not seem to disagree with any of these contentions.  Thus, the Court finds that Plaintiffs' choice of forum is entitled to less weight than is normally the case.

### 2.     Convenience to the Parties and Witnesses

Proceeding to the other factors, the Court examines the convenience to the parties and witnesses.  "The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a)." *Metz*, 674 F. Supp. 2d at 1147.

Defendants argue that key witnesses are in Arizona.  Defendants assert at least twenty-two HKB employees in Arizona, including Mr. Allen, the signatory of the CBA, could possess relevant testimony.  (*Id.*).  In addition, the three individual Defendants each reside in Arizona.  Plaintiffs point to various witnesses located in California, all employees of Plaintiff Carpenters Southwest Administrative Corporation, who are located in Los Angeles.  (Opposition at 22).  The three witnesses discussed would be necessary to establish the records reviewed in the court of the audit conducted on HKB, and the payments received by Plaintiffs from HKB.  Plaintiffs also note that inconvenience to witnesses who are employees of a defendant is often discounted.  *See, e.g.*, *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1132 (C.D. Cal. 2009) ("The court accords less weight to the inconvenience of party witnesses, however, as they can be compelled to testify regardless of the forum in which the lawsuit is ultimately litigated."); *Hartfield v. Offshore Oil Services, Inc.*, 2006 WL 2670984, *6 (S.D. Tex. Sept. 14, 2006) ("The Court reiterates that the convenience of key witnesses who are employees of the defendant requesting transfer is entitled to less weight because that party will be able to compel their testimony at trial."); *Worldwide Financial LLP v. Kopko*, 2004 WL 771219, *3 (S.D. Ind. Mar. 18, 2004) ("The courts ordinarily assume that the parties will be sufficiently motivated to have their own partners or employees or other allies appear for trial wherever it might take place. Parties may use Rule 45 of the Federal Rules of Civil Procedure to conduct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-16-8040-MWF (SKx)                              Date:  January 17, 2017
Title:       Carpenters Southwest Administrative Corp., et al. v. HKB, Inc., et al.

discovery all over the United States, so the principal concern along these lines is to make non-party witnesses available for trial. The aim is to minimize the risk of trial by deposition.").

Both parties correctly point out that the importance of the witnesses, and not the quantity of witnesses, weighs more heavily in determining whether transfer is appropriate. *See Metz*, 674 F. Supp. 2d at 1147.  Defendants, as stated, point to over twenty witnesses residing in Arizona who may possess relevant information.  Eight of these witnesses are union members, not employees of HKB.  Plaintiffs note only three witnesses, and each of Plaintiffs' witnesses is a party witness, whose importance is discounted relative to non-party witnesses.  Plaintiffs' failure to point to a single non-party witness in California is an important factor in the transfer analysis.

In terms of the importance of witnesses, Defendants' Arizona witnesses possess crucial information regarding Mr. Allen's authority to execute the contract, HKB's history of hiring union carpenters without a long-term contract, and the scope of the work performed by union carpenters for HKB.  Plaintiffs' witnesses would seem to be necessary to testify concerning only document authentication, or to serve as custodians of Plaintiffs' records.  The Court concludes that Defendants' witnesses will serve a more important role at trial, and that trial in California will be a significant inconvenience given that they all live in Arizona.  The Court concludes that this factor weighs in favor of transferring the case to Arizona.

The convenience to the parties is a related factor.  HKB's offices and all of its employees are located in Arizona.  HKB asserts that it does no business in California. (Motion to Dismiss at 13).  Plaintiffs, on the other hand, have offices and employees in California.  Defendants note, however, that Plaintiffs are actively engaged in business in Arizona, as they represent many union workers and a union office is located in Arizona.  This factor weighs in favor of transfer as well.

At the hearing, counsel for Defendants represented that the Joinder Motion included a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.  Counsel stated that these objections would be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| Case No. | CV-16-8040-MWF (SKx) | Date: January 17, 2017 |
|---|---|---|
| Title: | Carpenters Southwest Administrative Corp., et al. v. HKB, Inc., et al. | |

dropped if the case were transferred, and so the Court need not address these jurisdictional issues.

### 3. Expense of Litigation

Many courts have noted that the "ease of access to documents does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations." *Metz*, 674 F. Supp. 2d at 1149 (quoting *Szegedy v. Keystone Food Prod., Inc*., 2009 WL 2767683 (C.D. Cal. Aug. 26, 2009)); *see Mohamed v. Mazda Motor Corp*., 90 F.Supp.2d 757, 778 (E.D. Tex.2000) ("[T]he accessibility and location of sources of proof should weigh only slightly in this court's transfer analysis, particularly since these factors have been given decreasing emphasis due to advances in copying technology and information storage."). With respect to the overall cost of litigation, because most of the important witnesses are in Arizona, litigation expenses will be increased by having a trial take place in California rather than Arizona. This factor weighs slightly in favor of transfer.

### 4. Familiarity with Governing Law

Although this action concerns ERISA, a federal law familiar to all federal district courts, Defendants argue that Arizona law will play a large role in the litigation. (Motion at 14). For example, whether claims are barred by the statute of limitations is governed by Arizona law. *See Blood Sys., Inc. v. Roesler*, 972 F. Supp. 2d 1150, 1154 (D. Ariz. 2013) ("The parties agree that ERISA itself does not contain a statute of limitations applicable to Plaintiffs' claims. Therefore, the Court must borrow the most analogous state statute of limitations."). In addition, Defendants' claim that the CBA does not bind them perhaps depends on issues of Arizona contract law. But other courts have determined that judges in each district are fully capable of applying the substantive law of other districts. *See, e.g*., *Szegedy v. Keystone Food Prod., Inc*., 2009 WL 2767683, at *7 (C.D. Cal. Aug. 26, 2009) ("The judges in each jurisdiction are fully capable of deciding issues arising under both California and Pennsylvania law."); *Metz*, 674 F. Supp. 2d at 1148 ("Accordingly, it is clear that courts in the Central District of California are fully capable of applying New York substantive

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No.  CV-16-8040-MWF (SKx) | Date:  January 17, 2017 |
| Title:    Carpenters Southwest Administrative Corp., et al. v. HKB, Inc., et al. | |

law."). The Court sees no reason why it could not apply substantive Arizona law. This factor does not weigh in favor of transfer.

### 5. Forum Selection Clause

The most difficult issue here is whether the forum selection clause prevents transfer, which otherwise would obviously be appropriate. The Supreme Court has instructed that "a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co*, 134 S. Ct. at 579. Defendants respond that the forum selection clause is not binding because the CBA was not ratified and because of Arizona public policy.

Resolution of these issues is tantamount to resolving the merits of the action. This Court is unwilling to do so given the cursory showing of the parties, especially Plaintiffs, which is perhaps understandable given the early state of the litigation. Rather than reach the merits of ratification or the applicability of Arizona law on this point, the only sensible course is to look at the other factors, which collectively point in favor of transfer. Moreover, as noted above, under certain circumstances, even a valid forum selection clause is entitled to less weight.

Accordingly, transfer is appropriate here because the Arizona District Court is the most appropriate forum to determine the all the issues here, including whether the CBA was ratified and whether Arizona law applies.

### IV. CONCLUSION

The Court **GRANTS** the Motion to Dismiss or, in the Alternative, to Transfer Venue. The Court **GRANTS** the Motion for Joinder.

The Court **ORDERS** that this action be **TRANSFERRED** to the United States District Court for the District of Arizona.

IT IS SO ORDERED.

---